**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEAKMACHER, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-12-980-D |
| | ) |
| DATA SYSTEMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

Before the Court is Defendant's motion to dismiss [Doc. No. 10]. Defendant seeks dismissal of this action due to Plaintiff's failure to comply with Court orders. Plaintiff timely responded to the motion, asserting that it has complied with the orders.

As Defendant correctly notes, after the case was removed to this Court, Plaintiff's counsel was directed to register for electronic case filing ("ECF"), as required by the Local Civil Rules of this Court. *See* October 5, 2012 Order [Doc. No. 6]. The Order also cautioned Plaintiff's counsel that failure to register within 20 days following October 5 would result in the striking of his name as counsel in this case. Plaintiff's counsel, who is located in Arizona, did not file any response to the Order, and no record of his ECF registration appeared on the docket for this case. As a result, the Court filed a November 6, 2012 Order [Doc. No. 7] in which it noted counsel's failure to register for ECF. The Court also noted counsel had not filed an entry of appearance, as required by the Local Civil Rules. *See* LCvR 83.4. Because of his failure to comply with the previous order and the Local Civil Rules, Plaintiff's counsel was stricken as counsel of record, and Plaintiff was directed to secure new counsel within 21 days following the November 6 Order. Again, Plaintiff did not file any response to the Order.

However, as explained in Plaintiff's response to the instant motion, its counsel had communicated with the Court Clerk regarding the procedure for seeking admission to practice in this Court. Plaintiff submits documentation reflecting correspondence with the Court Clerk's office in that regard. *See* Response Exhibit B. Plaintiff also submits documentation showing that counsel submitted his Electronic Filing ("ECF") registration form to the Court Clerk on October 25, 2012. Response Exhibit A. He was authorized access to the ECF system on or about December 10, 2012, after submitting the completed forms for his admission to practice in this Court. The Court file reflects that Plaintiff's counsel entered an appearance in this case on December 10, 2012 [Doc. No. 11].

Plaintiff also notes that, although nothing was filed in this case in response to the October 5 or November 6 Orders, its counsel ultimately sent a December 3, 2012 letter to the undersigned advising of his actions in seeking admission to practice in this Court, and asking that this case not be dismissed. A copy of that letter is included in the documents comprising Exhibit E to Plaintiff's response to the motion to dismiss. Counsel indicates that he apparently believed his communications with the Clerk regarding the procedures for admission to practice in this Court would be forwarded to the undersigned. Plaintiff argues that it has substantially complied with the Court's orders, and contends dismissal is not warranted.

Although Plaintiff's counsel chose a procedure which resulted in complication and did not comply with the Court's deadlines, he has now complied with the Court's requirements regarding ECF registration and the filing of an entry of appearance. As a result, the Court agrees dismissal is not warranted, and the motion to dismiss is denied.

However, Plaintiff is cautioned that it has failed to comply with an additional requirement of the Local Civil Rules because Plaintiff has not secured local counsel. According to the Rule:

> [w]hen representing a party in this Court, any attorney who is not a resident of, and does not maintain an office in, Oklahoma shall show association with an attorney who is personally appearing in the action and who is a resident of Oklahoma and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this Court.

LCvR 83.3(a). Although Plaintiff's current counsel has been admitted to practice in this Court, his address reflects that he is a resident of, and maintains an office in, Arizona. There is no indication that he is an Oklahoma resident who maintains a law office in Oklahoma. Accordingly, Plaintiff is directed to secure the services of local counsel in accordance with the requirements of Rule 83.3(a). Local counsel shall enter an appearance in this action no later than 21 days from the date of this Order. If current counsel is a resident of Oklahoma and maintains an office here, he is directed to file a notice so stating within 21 days after the date of this Order.

IT IS SO ORDERED this 10th day of January, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE